FILED
SUPERIOR COURT
OF GUAM

2022 APR 14 PM 3: 17

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JADEN C. PIOLO, Z.C.P., a minor, E.M.C.P., a minor, and E.M.C.P., a minor, by and through their mother as Guardian, MIKA PIOLO Individually, and MIKA PIOLO as Administrator of the Estate of Elbert Gallaza Piolo, | CIVIL CASE NO. CV0347-20 |
| Plaintiffs, | **DECISION AND ORDER**<br>**Motions for Reconsideration** |
| vs. | |
| GOVERNMENT OF GUAM, FRED E. BORDALLO, JOSEPH CARBULLIDO, JASON AGUON, and DOES 1 TO 5, | |
| Defendants. | |

## **INTRODUCTION**

This matter came before the Honorable Arthur R. Barcinas on January 11, 2022, for a motion hearing on competing Motions for Reconsideration. Plaintiffs Jaden C. Piolo, Z.C.P., a minor, E.M.C.P., a minor, and E.M.C.P., a minor (collectively "Minors"), by and through their mother as Guardian, Mika Piolo Individually, and Mika Piolo as Administrator of the Estate of Elbert Gallaza Piolo (collectively "Plaintiffs") are represented by Attorney Daniel J. Berman. Defendants Government of Guam, Fred E. Bordallo, Joseph Carbullido, and Jason Aguon ("Defendants" or "Government") are represented by the Office of the Attorney General ("Government"). Having considered the arguments and the applicable law, the Court hereby decides and orders the following. The Court **DENIES** Plaintiffs' Motion for Reconsideration. Further, the Court **GRANTS** Defendants' Motion for Reconsideration, and has reconsidered

the Motion. Finally, the Court **DENIES** Defendants' Motion to Dismiss. Since Defendant's Motion to Dismiss is denied, Count I, II, and IV will proceed.

## BACKGROUND

This case is based upon events which occurred on July 13, 2015, wherein Officer Elbert Piolo ("Officer Piolo") was allegedly shot and killed by fellow Officer Mark Torre Jr. ("Officer Torre"). Am. Compl. ¶ 17 (Oct. 8, 2020). Plaintiffs, who are immediate family members of Officer Piolo, filed a Government Claim against the Guam Police Department ("GPD") seeking damages for his death on May 25, 2018. Am. Compl. Ex. B. This claim was denied on November 9, 2018. *Id.*, Ex. C.

Plaintiffs filed their original Complaint on June 5, 2020. On October 8, 2020, Plaintiffs filed the First Amended Complaint for Damages ("Amended Complaint"). The Amended Complaint alleges five causes of action: (1) negligent hiring, retention, supervision and training; (2) negligent entrustment; (3) breach of fiduciary duty and/or confidential relationship; (4) direct liability negligence; and (5) deprivation of federal civil rights under 42 U.S.C. § 1983. The Government filed its Renewed Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss") on October 19, 2020. Plaintiffs filed an Opposition on November 10, 2020.

On November 9, 2020, the Government filed a Notice of Errata to indicate it represented Defendants Bordallo, Aguon, and Carbullido. Plaintiffs filed a Motion to Strike the Notice of Errata on November 17, 2020. The Government filed its Reply on November 30, 2020, followed by the Plaintiffs' Reply on December 29, 2020.

Plaintiffs filed a Request for Entry of Default against Defendants Aguon, Bordallo and Carbullido on November 6, 2020, November 20, 2020, and March 11, 2021, respectively.

Entries of Default were filed by the clerk for Defendants Aguon and Bordallo on November 16, 2020, and November 23, 2020. The Government objected to Plaintiffs' Requests for Entry of Default on March 18, 2021. Plaintiffs filed a Reply in support of their requests for default on April 5, 2021.

Oral arguments on the Renewed Motion to Dismiss and Motion to Strike the Notice of Errata were held on May 11, 2021. On August 20, 2021, this Court issued its Decision and Order dismissing Counts III and V of the Amended Complaint, and accepting Government's Notice of Errata. As a result, all prior entries of default were declared void.

Two competing motions for reconsideration have since been filed. The first Motion for Reconsideration was filed by the Government on August 30, 2021. Plaintiffs filed an Opposition on October 6, 2021, to which the Government filed an Amended Reply on October 25, 2021.

The second Motion for Reconsideration or Relief From Order and Memorandum in Support was filed by Plaintiffs on September 29, 2021. The Government filed its Opposition on October 27, 2021, to which Plaintiffs replied on November 12, 2021. The Court held a hearing on the completion Motions for Reconsideration on January 11, 2022, after which it took both matters under advisement.

## DISCUSSION

### I. APPLICABLE STANDARD.

Pursuant to the Local Rules of the Superior Court of Guam, a motion for reconsideration may be made upon the following grounds:

> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

> 3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

CVR 7.1(i)(1)–(3). A motion for reconsideration may not repeat arguments already made regarding the original motion. *Id.*

The Government brought its Motion for Reconsideration pursuant to Guam Rule of Civil Procedure ("GRCP") 59. *See* Guam R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). Although GRCP 59 appears to apply only to judgments, the Guam Supreme Court has held that a trial court may entertain a GRCP 59(e) Motion for Reconsideration relative to a decision. *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶ 21. The Guam Supreme Court has also held that GRCP 59(e) motions are appropriate "where the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (quoting *Rong Chang Company, Ltd. v. M2P, Inc.*, 2012 Guam 1 ¶ 16). Clear error occurs when a trial court issues a decision it could not have rationally reached. *DFS*, 2014 Guam 12 ¶ 22. A GRCP 59 motion "shall be filed no later than 10 days after entry of the judgment." Guam R. Civ. P. 59(e); *Rong Chang*, 2012 Guam 1 ¶ 16. Defendants' Motion for Reconsideration was filed within ten days and is timely.

The Plaintiffs bring their Motion for Reconsideration pursuant to GRCP 60(b)(1) and 60(b)(6).[1] *See Ron Chang*, 2012 Guam 1 ¶¶ 18–21 (finding no error when a trial court applied GRCP 60(b) in its review of post-judgment motions for reconsideration and to set aside the judgment). GRCP 60(b) provides the following:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
> (6) any other reason justifying relief from the operation of the judgment.

Guam R. Civ. P. 60(b). GRCP 60(b)(1) also encompasses "mistakes in the application of the law." *Cristobal v. Siegal*, 2012 Guam 16 ¶ 8 (quoting *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 839–40 (11th Cir. 1982)). A GRCP 60(b) motion should be made within a reasonable time, and for reasons one through three, not more than one year later. Guam R. Civ. P. 60(b). Plaintiffs' Motion for Reconsideration was filed one month after the Court issued its Decision and Order, and was therefore timely.

## II. UPON RECONSIDERATION, THE COURT FINDS THAT EQUITABLE ESTOPPEL IS SUPPORTED BY THE FACTS CONTAINED IN THE AMENDED COMPLAINT.

In the Court's August 20, 2021, Decision and Order, it laid out its reasoning for finding that Plaintiffs' claims were not clearly time-barred under this theory. *See* Decision and Order pp. 7 - 8 (Aug. 20, 2021). Upon reconsideration, the Court finds that the allegations made in the Amended Complaint are sufficient to warrant the application of equitable estoppel.

---

[1] Plaintiffs further argue that their motion for reconsideration is appropriate under Rule 59(e) (*supra*) and 54(b) ("any order or other form of decision ... which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."). However, the Plaintiffs' motion is untimely under 59(e), and is more appropriately considered under GRCP 60(b).

Equitable estoppel is defined as the doctrine by which a person may be precluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which he would otherwise have had. *Mobil Oil Guam, Inc. v. Young Ha Lee*, 2004 Guam 9 ¶ 24. The doctrine is designed to prevent the miscarriage of justice and is to be used cautuiously because it bars the normal assertion of rights otherwise present. *Id.* Equity requires that a party be estopped from "asserting the statute of limitations as a defense to an admitted untimely action because his conduct has induced another into forbearing suit within the applicable limitations period." *Guam Police Dept. v. Superior Court of Guam*, 2019 Guam 21 ¶ 15; *citing Atwater Elementary Sch. Dist. v. California Dep't of Gen. Serv.*, 158 P.3d 794, 797 (Cal. 2007). The application of equitable estoppel "is wholly independent of the limitations period itself and takes its life from the equitable principle that no man may profit from his own wrongdoing in a court of justice." *Guam Police Dept.*, 2019 Guam 21 ¶ 15.

The Guam Supreme Court has laid out the following test for equitable estoppel:

[F]our elements … must be proven in an equitable estoppel analysis:
(1) the party to be estopped must be apprised of the facts;

(2) he must intend that his conduct will be acted upon, or act in such a manner that the party asserting the estoppel could reasonably believe that he intended his conduct to be acted upon;

(3) the party asserting the estoppel must be ignorant of the true state of the facts; and

(4) he must rely upon the conduct to his injury.

*Limtiaco v. Guam Fire Dep't*, 2007 Guam 10, ¶ 58; *see* Title 6 GCA § 5106(3) ("Whenever a party has, by his own declaration, act or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act or omission be permitted to falsify it.") The party relying on the doctrine has the burden to prove the existence of the four required elements. *Mobil*, 2004 Guam

9 ¶ 24; *see* also *Crestline Mobile Homes Mfg. Co. v. Pac. Fin. Corp.*, 356 P.2d 192, 196 (Cal. 1960).

The Attorney General attempts to sparse the Office of the Attorney General from GPD in its briefs in support of its Motion for Reconsideration. The Court rejects this perspective. Plaintiffs make their allegations against "GOVGUAM" that is to say the "Government." Plaintiffs do not distinguish the Attorney General from GPD in its claims against the Government. To the extent that Plaintiffs name the Attorney General and GPD, it speaks only to the alleged specific acts. Therefore, the Court rejects the Attorney General's view that the Attorney General's acts do not toll the statute of limitations in a claim against GPD. It is the Government's acts, both the Attorney General and GPD in concert, that lead Plaintiffs' to detrimental rely on the conduct to be estopped. Therefore, the party to be estopped is not just GPD; it is the Government.

### a. The Government was appraised of the facts.

The first element of equitable estoppel is that the party to be estopped is appraised of the facts. Here, Plaintiffs alleged that the Government knew and misrepresented key facts that deceived Plaintiffs to their detriment in paragraph 62 of the Amended Complaint:

> Plaintiffs' claims against all Defendants are equitably tolled due to the acts and omissions of "Defendant GOVGUAM" including but not limited to, the [Attorney General's] representation of Plaintiffs in the criminal trial proceedings against Torre, the [Attorney General's] representation of Plaintiffs in the restitution proceedings, the [Attorney General's] failed appellate proceedings of the Restitution Order in the Supreme Court, the [Government's] statements to Plaintiffs that they represented and would protect the interest of Plaintiffs, GPD's concealment of its own misconduct and negligence manifest in its objection to the Plaintiffs' FOIA claims, [the Government's] affirmative actions as legal counsel to pursue their claims and commence litigation, [the Government's] deception in representing that it was protecting Plaintiffs' best interest in all court proceedings but then refusing to filed a Notice of Cross-Appeal on the Restitution issue which order all but denied restitution to the Plaintiffs, and [the Government's] misrepresentation by omission to the Plaintiffs about the running of any limitations period.

Am. Compl. ¶ 62 (Oct. 8, 2020). When viewing these facts as true and in the light most favorable to Plaintiffs, it appears that the Government was apprised of the facts and circumstances concerning the various representations to Plaintiffs and intending that those representations be relied upon. The party relying on the doctrine of equitable estoppel is only required to prove the existence of the elements. *See Mobile*, 2004 Guam 9 ¶ 24; *Limitiaco*, 2007 Guam 10 ¶ 58. The need to plead equitable estoppel with particularity is noticeably absent from the binding authority of the Guam Supreme Court. Therefore, this Court is satisfied that the allegations in the Amended Complaint are sufficient to appraise the Government of the facts.

### b. The Government intended that its conduct would be acted upon in a manner such that Plaintiffs could reasonably believe that such conduct would be acted upon.

The second element of estoppel is that the party to be estopped intend its conduct be acted upon in a way that the plaintiff could reasonably believe such conduct would be acted upon. The Government's intended conduct is sufficiently reflected in the Amended Complaint. First, [the Government] prepared and presented Plaintiff Mika Piolo as their witness at Torre's trial, which fact [sic] caused Plaintiff Mika Piolo to more than reasonably rely and believe that the [Government] represented and was looking out for the best interest of Plaintiff Mika Piolo and the Plaintiff Minors. Am. Compl. ¶ 50 (Oct. 8, 2020). Second, the [Government] represented Plaintiffs on the Piolo restitution claims, and on the [Attorney General's] one failed appeal to the Supreme Court of Guam. *Id.* Third, [the Government] made statements to Plaintiffs that they [the Government] represented and would protect the interest of Plaintiffs. *Id.* at ¶ 62.

Here, the Government's intended conduct is reflected in its representation of Plaintiffs in the restitution claims and in making statements about protecting Plaintiffs' interest. In turn,

the interaction between the Government and Plaintiffs throughout the trial and restitution hearings, coupled with the Government's representation that it would protect Plaintiffs interest is sufficient to manifest a reasonable belief in Plaintiffs that the Government intended to protect their interest. Considering the totality of the circumstances, the Court is satisfied that the Amended Complaint sufficiently reflects Plaintiffs' reasonable belief that the Government intended to act, and would act to represent and protect Plaintiffs' interest.

### c. Plaintiffs were ignorant to the state of the facts.

The third element of equitable estoppel is that the plaintiffs were ignorant to the state of the facts. The Guam Supreme Court has held that an essential element of equitable estoppel is the entire good faith and innocence of the party imposed on. *Mobile*, 2004 Guam 9 ¶ 26; quoting *W.E. Richmond & Co. v. Sec. Nat'l Bank*, 64 S.W.2d 863, 872 (Tenn. Ct. App. 1933). "A party setting up an estoppel is bound to the exercise of reasonable diligence–such diligence as the circumstances of the case require." *W.E. Richmond*, 64 S.W.2d 863, 872; quoting *Moore v. Bowman*, 47 N.H. 494, 494 (N.H. Superior Ct. 1867). To hold that one, who shuts his eyes and disregards danger signals flaunted before his view, is an innocent party, entitled to invoke the doctrine of equitable estoppel, would be to encourage fraud. A person who conducts himself scarcely acts in good faith, and it is well settled that a party must proceed in the utmost good faith to claim the benefit of estoppel. *W.E. Richmond*, 64 S.W.2d 863, 872.

In analyzing this element the Court considers the specific circumstances of the instant case. First, the case stems from CF0421-15, a criminal homicide case. Second, the victim of the homicide case is the father and husband of Plaintiffs. Am. Compl. ¶¶ 5-6 (Oct. 8, 2020). Third, the inception of the criminal case was in 2015 and its first adjudication was in 2017. *Id.* at ¶¶ 33-34 (Oct. 8, 2020). Fourth, the Government "prepared and presented Mika Piolo, [victim's widow], as their witness at trial. *Id.* ¶¶ 50 (Oct. 8, 2020). Finally, the Government further

interacted with Plaintiffs as it relates their claims for restitution. *See Id.* These facts reflect that the Government consistently interacted with Plaintiffs for at least two (2) years. The Court notes that Plaintiffs here are not lawyers, they lacked legal training, and are ignorant of the true state of their position, and the extent to which the Government represented their interests. The lay Plaintiffs do not know how to look at the state of the facts, nor would they know what to look for. Moreover, there is no indication that Plaintiffs consciously or intentionally disregarded any signals that would reflect their awareness that the Government was not representing Plaintiffs interest when it said it would. *See W.E. Richmond*, 64 S.W.2d 863, 872. Instead, Plaintiffs seem to have actively participated in the trial and complied with the Attorney General's request in good faith. According to the Amended Complaint, it appears Plaintiff Mica Piolo searched and retained private counsel after she learned that the Attorney General failed in its effort at restitution, which also appears to be the first time Plaintiff became aware that the Government was no longer acting in Plaintiffs' interest. *See* Am. Compl. ¶¶ 51-52 (Oct. 8, 2020). Instead of choosing to ignore the indication that the Government was no longer representing Plaintiffs' interest, Plaintiff Mika Piolo engaged in her search; therefore, affording Plaintiffs a claim for estoppel. The Court finds that Plaintiffs acted in good faith and were ignorant to the state of the facts.

### d. Plaintiffs relied on the Government's conduct to their injury.

The final element for equitable estoppel is that the party asserting estoppel relied on the conduct of the party to be estopped to its injury. In *Limtiaco*, the Guam Supreme Court found that the plaintiff relied to his detriment on the Guam Fire Department's ("GFD") statements. 2007 Guam 10 ¶ 62. The Supreme Court reasoned that the plaintiff could have filed his grievance after the fire chief acknowledged his debt but did not pay, and that plaintiff could have filed his grievance later in 2003 when they promised him again. *Id.* The Supreme Court

authority seems to suggest that foregoing an action as a result of relying on the statements made by the party to be estopped is sufficient to satisfy reliance as it relates to estoppel. That is the case here.

Here, the allegations set forth in paragraph 62 of the Amended Complaint reflect that time and time again, the Government held itself out to be representing the interest of the Plaintiffs.[2] Like the plaintiff in *Limtiaco*, who did not bring his grievance as a result of his reliance on GFD's repeated statements that they would pay his debt, Plaintiffs here forwent retaining private counsel as a result of their reliance on the various representations that the Government was acting to protect their interests. *See Limtiaco*, 2007 Guam 10 ¶ 62. The Court finds that the Government time and time again, for a period of about two (2) years, represented that it was acting to protect Plaintiffs' interest, and Plaintiffs relied on those representations.

### e. Equitable Estoppel against the Government

In addition to the four elements of equitable estoppel, a party asserting estoppel against the government must also demonstrate inducement. The Guam Supreme Court has held that successfully demonstrating that the theory of equitable estoppel prevents the government from invoking sovereign immunity requires proof of inducement. *Guam Police Dept. v. Superior Court of Guam*, 2011 Guam 8 ¶ 16. The Guam Supreme Court considered equitable estoppel against the government in *Limtiaco*. In that case, the Supreme Court held that the GFD was

---

[2] Am. Compl. ¶ 62 (Oct. 8, 2020):

> Plaintiffs' claims against all Defendants are equitably tolled due to the acts and omissions of "Defendant GOVGUAM" including but not limited to, the [Attorney General's] representation of Plaintiffs in the criminal trial proceedings against Torre, the [Attorney General's] representation of Plaintiffs in the restitution proceedings, the [Attorney General's] failed appellate proceedings of the Restitution Order in the Supreme Court, the [Government's] statements to Plaintiffs that they represented and would protect the interest of Plaintiffs, GPD's concealment of its own misconduct and negligence manifest in its objection to the Plaintiffs' FOIA claims, [the Government's] affirmative actions as legal counsel to pursue their claims and commence litigation, [the Government's] deception in representing that it was protecting Plaintiffs' best interest in all court proceedings but then refusing to filed a Notice of Cross-Appeal on the Restitution issue which order all but denied restitution to the Plaintiffs, and [the Government's] misrepresentation by omission to the Plaintiffs about the running of any limitations period.

estopped from claiming that the plaintiff failed to act in a timely manner when GFD representatives themselves induced his inactivity through their promises. *Limtiaco,* 2007 Guam 10 ¶ 74. GFD representatives had orally assured the plaintiff that he would receive back pay to which he was entitled, and had additionally made that promise to the plaintiff in writing. *Id.* ¶ 52. The Supreme Court noted that "[t]he Government should be estopped from luring [the plaintiff] into inaction." *Id.* ¶ 64. The same is true here.

As discussed above, the Government made various representations to Plaintiffs that it would protect Plaintiffs interests. The Government, in the instant case, goes one step further than just oral and written assurances. Here, the Government actually represented Plaintiffs at the restitution proceedings. The Court is satisfied that the Government's representation of Plaintiffs at the restitution proceedings, coupled with the allegations discussed above effectively convinced Plaintiffs that the Government was representing their interest, and in turn, induced them to forgo retaining private counsel sooner.

Having considered the totality of the circumstances in equity, and in viewing the facts in light most favorable to Plaintiffs, the Court finds that the allegations set forth in the Amended Complaint are sufficient to support equitable estoppel against the Government.

## III. THE COURT DENIES PLAINTIFFS' MOTION FOR RECONSIDERATION.

Next, the Court will consider Plaintiffs' competing Motion for Reconsideration or Relief from Order. In this Motion, Plaintiffs seek the Court's reconsideration of its dismissal of the 42 U.S.C. § 1983 claim contained in Count V of the Complaint and its dismissal of the breach of fiduciary duty and/or confidential relationship claim contained in Count III of the Complaint. After considering the arguments and the applicable law, the Court **DENIES** Plaintiffs' Motion for Reconsideration.

### a. The Court finds that the 42 U.S.C. § 1983 claim contained in Count V of the Complaint is barred by the statute of limitations.

Plaintiffs first seek the Court's review of its dismissal of the 42 U.S.C. § 1983 claim contained in Count V of the Complaint. The Court dismissed Count V after finding that the claim was not based on a violation of the Plaintiffs' rights. Plaintiffs argue that Section 1983 claims may properly be asserted by a decedent's estate.

To support this contention, Plaintiffs argue that courts have allowed an estate to assert a claim on behalf of a decedent for failure to train or supervise police officers under Section 1983. *See Estate of Kamal v. Township of Irvington*, 790 Fed. Appx. 395, 398 (3rd Cir. 2019) (recognizing that an estate may claim civil rights violations on behalf of a decedent); *see also Est. of Adomako v. City of Fremont*, No. 17-CV-06386-DMR, 2018 WL 587146, at *5 (N.D. Cal. Jan. 29, 2018) (recognizing that an estate may assert a Section 1983 claim based on excessive force). Plaintiffs also cite to *Dela Cruz v. Santos*, a district court case from the Northern Mariana Islands, wherein the defendants conceded that plaintiff, whose son was shot and killed by a police officer, could assert a Fourteenth Amendment civil rights claim based on the deprivation of her liberty interest arising out of the familial relationship with her son. *Dela Cruz v. Santos*, CV 06-0037, 2008 WL 11389557 at *2 (D. N. Mar. I. Aug. 26, 2008). The Ninth Circuit has also found that a Fourteenth Amendment claim for excessive force may be brought by the parents and children of a decedent killed by police officers. *Curnow By & Through Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991).

However, even if an estate may properly assert a Section 1983 claim, the instant Section 1983 claim is barred by the statute of limitations. "Section 1983 claims are characterized as personal injury suits for statutes of limitations purposes." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Thus, the statute of limitations for a Section 1983 claim is governed by

state law and is based on the personal injury statute for the jurisdiction. *Id*; *see also Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Therefore, 7 GCA § 11306(a) is the operative personal injury statute of limitations. This statute provides that there is a two year statute of limitations to bring "[a]n action for assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to, or for the death of, a person caused by the wrongful act or neglect of another...." 7 G.C.A. § 11306(a).

Here, in order to meet the applicable statute of limitations, Plaintiffs were required to file their Section 1983 action within 2 years from the date their claim arose. *See* 7 GCA § 11306(a). Plaintiffs' claims would have arisen on July 13, 2015, the date of Officer Piolo's passing. Renewed Mot. to Dismiss at 18–19 (Oct. 19, 2020) (*see supra*, finding that equitable estoppel does not apply to toll the statute of limitations). Thus, using Guam's personal injury statute of limitations of two years, the deadline to file this action would have been two years after Officer Piolo's passing, or July 13, 2017. However, Plaintiffs did not file the initial complaint until June 5, 2020, which is nearly three years too late. For these reasons, the Court finds that Count V is barred for violation of the statute of limitations. Because this is dispositive of the Court's review of Count V, the Court will not address the remaining arguments relative to Count V. Plaintiffs' Motion for Reconsideration on this basis is denied.

**b. The Court declines to reinstate the breach of fiduciary duty and/or confidential relationship claim contained in Count III of the Complaint because Plaintiffs' failed to exhaust administrative remedies.**

Plaintiffs also seek the Court's review of its dismissal of the breach of fiduciary duty and/or confidential relationship claim contained in Count III of the Complaint. In its August Decision, the Court noted that Count III was not contained in or reasonably related to claims contained in the Plaintiffs' government claim. Thus, the Court dismissed Count III due to Plaintiffs' failure to exhaust administrative remedies.

Plaintiffs now seek the Court's reconsideration and contend that Count III should not be dismissed. Plaintiffs argue that because their government claim was rejected *in toto* based on statute of limitations grounds, bringing a claim specifically for breach of fiduciary duty and/or confidential relationship would have been pointless, as the claim would inevitably have been rejected along with all the other claims listed in the government claim. Plaintiffs argue that the Government's denial of all their government claims was a foregone conclusion.

However, this argument is purely speculative. As the government notes, the breach of fiduciary duty claim could have been construed as a continuing wrong, which would have affected when the claim arose for statute of limitations purposes. It is impossible to know what the government would have done considering the claim was never raised. If Plaintiffs' logic prevails, they could conceivably add any new cause of action based on the assumption that the government would have denied the claim *in toto*.

The Court has previously found that Count III is not reasonably related to the remaining claims alleged in the government claim, and as such the government was not put on notice of the claim and did not have an opportunity to settle it prior to this litigation. *See Gibbs v. Pierce Cnty. L. Enf't Support Agency, City of Tacoma*, 785 F.2d 1396, 1400 (9th Cir. 1986); *see also Lopez v. United States*, 823 F.3d 970, 976–77 (10th Cir. 2016). For the above reasons, Count III is jurisdictionally barred. Consequently, it is unnecessary for the Court to address other arguments relative to this claim.

For the above reasons, the Court declines to reinstate Count V or Count III of the Complaint and **DENIES** Plaintiffs' Motion for Reconsideration or Relief from Order.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion for Reconsideration and has reconsidered the Motion. After such consideration the Court finds that the allegations set forth in the Amended Complaint are sufficient to **EQUITABLY TOLL** the statute of limitations for Claims I, II, and IV. Finally, the Court **DENIES** Plaintiffs' Motion for Reconsideration.

IT IS SO ORDERED ___APR 1 4 2022___ .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_Berman_

_AG-Civil_

Date: _4/14/22_ Time: _3:27pm_

Deputy Clerk, Superior Court of Guam